PD-0982-16
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/23/2016 11:40:18 PM
Accepted 9/26/2016 3:53:20 PM
ABEL ACOSTA
CLERK

CASE NO. PD-0982-16

_____

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

_____

TAYLOR MARTIN KORB, *Appellant*
V.
THE STATE OF TEXAS, *Appellee*

_____

On Petition for Discretionary Review from
The First Court of Appeals
In No. 01-15-00512-CR Affirming the Trial Court's Judgment in
Cause No. 1980492 from the County Criminal Court at Law Number Three (3)
Harris County, Texas

_____

### APPELANT'S PETITION FOR DISCRETIONARY REVIEW

_____

DAN KRIEGER
TBN: 24064243
215 East Galveston Street
League City, Texas 77573
(281) 332-7630 Phone
(281) 332-7877 Facsimile
dan@kriegerlawfirm.com

ATTORNEYS FOR APPELLANT,
TAYLOR MARTIN KORB

COLM A. KEANE
TBN: 24085408
17225 El Camino Real, Suite 320
Houston, Texas 77058
(281) 486-8125 x2 Phone
(281) 480-0885 Facsimile
colm@krieger-ongert.com

FILED IN
COURT OF CRIMINAL APPEALS

September 26, 2016

ABEL ACOSTA, CLERK

ORAL ARGUMENT REQUESTED

# IDENTITY OF JUDGES, PARTIES AND COUNSEL

<u>Presiding Judge</u>
The Honorable Natalie Fleming
County Criminal Court at Law Number Three (3)
Houston, Harris County, Texas

<u>Attorneys for Appellee</u>     (State of Texas)
Napoleon Wilson Stewart, II    (at trial)
Molly Katharine Wurzer     (at trial)
Alan Curry     (on appeal)
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002

<u>Attorneys for Appellant</u>
Dan Krieger     (at trial and on appeal)
Christopher Morton     (at trial)
215 E. Galveston St.
League City, Texas 77573

Colm A. Keane     (on appeal)
17225 El Camino Real, Suite 320
Houston, Texas 77058

<u>Appellant</u>
Taylor Martin Korb

**TABLE OF CONTENTS**

IDENTITY OF JUDGES, PARTIES AND COUNSEL ...................................... ii

TABLE OF CONTENTS ........................................................... iii

INDEX OF AUTHORITIES ........................................................ iv

STATEMENT REGARDING ORAL ARGUMENT ......................................... 1

STATEMENT OF THE CASE ....................................................... 1

STATEMENT OF PROCEDURAL HISTORY ........................................... 2

APPELLANT'S GROUNDS FOR REVIEW ............................................ 3

APPELLANT'S FIRST GROUND FOR REVIEW (RESTATED) .................... 4

    THE COURT OF APPEALS ERRED IN ACTING AS A FINDER OF
FACT BY INFERRING FACTS UNSUPPORTED BY THE RECORD..................... 4

APPELLANT'S SECOND GROUND FOR REVIEW (RESTATED) ............. 4

    THE COURT OF APPEALS ERRED IN FINDING REASONABLE
SUSPICION TO JUSTIFY AN INVESTIGATORY STOP OF APPELLANT.............. 4

ARGUMENT AND REASONS FOR REVIEW ........................................... 4

PRAYER FOR RELIEF ........................................................... 8

CERTIFICATE OF COMPLIANCE ................................................. 10

CERTIFICATE OF SERVICE ..................................................... 10

APPELLANT'S APPENDIX ....................................................... A

# INDEX OF AUTHORITIES

**CASES**

*Crain v. State,*
    315 S.W.3d 43, 52 (Tex. Crim. App. 2010)…………………………………… 7

*Korb v. State,*
    01-15-00512-CR, 2016 WL 2753509 (Tex. App.-Houston [1st Dist.] 2016)
    (mem. op., not designated for publication)………………………… 2, 4, 6, 7

*Hereford v. State,*
    339 S.W.3d 111, 119 (Tex. Crim. App. 2011)……………………………5, 6

*Pipkin v. State,*
    114 S.W.3d 649, 652 (Tex. App.—Fort Worth 2003, no pet.) ……………. 8

*Romero v. State,*
    800 S.W. 2d 539, 544 (Tex. Crim. App. 1990……………………………….. 6

*Taflinger v. State,*
    414 S.W.3d 881, 884 (Tex.App.–Houston [1st Dist.] 2013, no pet.)......... 8, 9

*Terry v. Ohio,*
    392 U.S. 1, 21–22 (1968)…………………………………………………….. 7

*United States v. Sokolow,*
    490 U.S. 1, 7 (1989)…………………………………………………………. 7

**RULES**

Tex. R. App. P. 68.2 …………………………………………………………… 2

Tex. R. App. P. 66.1 …………………………………………………………… 3

Tex. R. App. P. 66.3(f) ………………………………………………………… 6

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant requests oral argument as it will assist the Court in developing the issues and fashioning the proper relief. Oral argument would be of substantial assistance to this Court because case presents an important issue regarding the role of the court of appeals in inferring the trial court's findings of fact in a motion to suppress and a police officer's reasonable suspicion for an investigative detention.

**STATEMENT OF THE CASE**

Mr. Taylor Martin Korb ("Appellant") was charged with Driving While Intoxicated, a class B misdemeanor. (C.R. at 5).[1] Appellant filed a motion to suppress the traffic stop on March 13, 2015. (C.R. at 23-24). The trial court heard Appellant's motion to suppress on April 28, 2015 and denied the motion to suppress the traffic stop. (III R.R. at 42). A jury trial commenced immediately after the suppression hearing and on the same date. (C.R. at 27-32). Defendant was convicted of Driving While Intoxicated on April 29, 2015 and sentenced by the Court to one hundred eighty days in the Harris County Jail, probated for twelve months and a $500 fine. (C.R. at 41-42).

Appellant appealed his conviction and sentence to the First Court of Appeals

---

[1] "C.R." Will be used to reference the Clerk's Record. "R.R." will be used to reference the Reporter's Record from Appellant's trial.

in Case No. 01-15-00512-CR, and the Court affirmed the trial court's judgment on May 10, 2016.

## STATEMENT OF PROCEDURAL HISTORY

The order of the trial court was affirmed by the First Court of Appeals in an opinion delivered May 10, 2016. *Korb v. State*, 01-15-00512-CR, 2016 WL 2753509 (Tex. App.—Houston [1st Dist.] 2016)(mem. op., not designated for publication). The motion for rehearing was denied on July 25, 2016, and the motion for en banc reconsideration was denied on July 25, 2016. Appellant's Motion for an extension of time to file the Petition for Discretionary Review was granted on August 25, 2016. This Petition for Discretionary Review will be filed on or before the extended deadline of September 23, 2016, pursuant to Tex. R. App. P. 68.2.

The Appellant presents two (2) grounds for review before this Honorable Court.

CASE NO. PD-0982-16

_____

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

_____

TAYLOR MARTIN KORB, *Appellant*
V.
THE STATE OF TEXAS, *Appellee*

_____

**APPELANT'S PETITION FOR DISCRETIONARY REVIEW**
_____

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, TAYLOR MARTIN KORB, Appellant in the above-styled and numbered cause of action, by and through counsel of record, Dan Krieger, and pursuant to Tex. R. App. P. 66.1, respectfully urges this Court to grant discretionary review of this cause, and in support thereof would show unto this Honorable Court the following:

**GROUNDS FOR REVIEW**

1. The Court of Appeals Erred In Acting As A Finder Of Fact By Inferring Facts Unsupported By The Record

2. The Court of Appeals Erred In Finding Reasonable Suspicion To Justify An Investigatory Stop of Appellant

3

## APPELLANT'S FIRST GROUND FOR REVIEW (RESTATED)

**1. The Court of Appeals Erred In Acting As A Finder Of Fact By Inferring Facts Unsupported By The Record**

## APPELLANT'S SECOND GROUND FOR REVIEW (RESTATED)

**2. The Court of Appeals Erred In Finding Reasonable Suspicion To Justify An Investigatory Stop of Appellant**

## ARGUMENT AND REASONS FOR REVIEW

Appellant was convicted of Driving While Intoxicated and sentenced to community supervision. Appellant sought relief at trial in the form of a motion to suppress because no articulable facts to establish reasonable suspicion for the stop of Appellant's vehicle to take place were presented. The trial court erred in denying his motion to suppress and did not make any findings of fact. The facts the Court of Appeals inferred were not supported by the record or any findings of fact to establish reasonable suspicion. Instead, the Court created facts unsupported by the record and found evidence of burglaries and criminal mischief in the area where Appellant's vehicle was stopped and linked it to Appellant. *Korb v. Texas*, Slip Op. at 5-6.

### A. PRECEDENT REQUIRES A REVIEWING COURT TO INFER FACTUAL FINDINGS AS LONG AS THEY ARE SUPPORTED BY THE RECORD

When a trial court hears and rules upon a Motion to Suppress and makes no findings of historical fact, the appellate court will infer factual findings implicit in

4

the trial court's conclusion as long as the implied findings are supported by the record. *Hereford v. State*, 339 S.W.3d 111, 119 (Tex. Crim. App. 2011).

During the Motion to Suppress hearing, Officer Galvan of the Pasadena Police Department testified he was on-duty, working patrol, and sent to a residential neighborhood in Pasadena in regards to a 911 caller reporting a small, light-colored truck driving in the area on August 28, 2014 at approximately midnight. (III R.R. at 12). Officer Galvan stated he was familiar with the neighborhood and criminal mischief and burglaries occur there. (III R.R. at 9). No evidence was presented regarding the officer's familiarity with these crimes with respect to the area, nor the number, dates, times, types, or proximity of the alleged crimes to the traffic stop. Officer Galvan testified that at the time of this call no criminal activity was reported and no illegal activity was reported. (III R.R. at 22, 27).

Officer Galvan testified that he arrived in the area and saw the Appellant driving a light colored truck and using a cellular phone. (III R.R. at 13-14). Officer Galvan reported that the 911 caller was identified by name and phone number. (III R.R. at 13). Officer Galvan testified that caller reported he had seen the vehicle three times over a period of ten minutes, with no other report of any other type of activity, criminal or otherwise. (III R.R. at 22). The caller was not presented as a witness at the suppression hearing or at trial.

5

The Court of Appeals improperly inferred factual findings that were not supported by the record and acted as the fact finder by making its own finding of fact to affirm the trial court's denial of the motion to suppress. The Court of Appeals found that Officer Galvan had "knowledge of facts which, given the totality of the circumstances, raised a reasonable suspicion that appellant was engaging or about to engage in criminal acts, such that the officer was justified in making the investigatory stop." *Korb v. State,* Slip Op. at 6. By Officer Galvan's own testimony, he did not have enough information to have a reasonable suspicion, solely based on Appellant driving around, that Appellant had committed a crime or was going to commit a crime. (III R.R. at 29).

On appeal, the appellate court should not engage in its own factual review, but decide whether the trial judge's fact findings are supported by the record. *Romero v. State*, 800 S.W. 2d 539, 544 (Tex. Crim. App. 1990). If the trial court did not make fact findings, its implied findings inferred by the Court of Appeals must be supported by the record. *Hereford* at 119.

By making its own finding of fact, the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings to call for an exercise of the Court of Criminal Appeals power of supervision. *See* Tex. R. App. P. 66.3(f). Accordingly, this petition should be granted and the case remanded to the Court of Appeals to conduct a review limited to the trial court's record.

6

**B. THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION AND PRECEDENT REQUIRE REASONABLE SUSPICION FOR A VALID WARRANTLESS DETENTION OF A PERSON**

Under the Fourth Amendment, a warrantless detention of a person that amounts to less than a full-blown custodial arrest must be justified by a reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968).

A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *United States v. Sokolo*w, 490 U.S. 1, 7 (1989)*; Crain v. State,* 315 S.W.3d 43, 52 (Tex. Crim. App. 2010).

This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. Here, the Court of Appeals erred by creating its own finding of fact by looking into the mind of the officer and discovering "knowledge of facts, which, given the totality of the circumstances, raised a reasonable suspicion that appellant was engaging or about to engage in criminal acts." *Korb v. State*, Slip Op. at 5-6.

This Honorable Court has held that "[n]either time of day nor level of criminal activity in an area are suspicious in and of themselves; the two are merely factors to be considered in making a determination of reasonable suspicion." *Crain v. State* at

7

53. This Court has further found that those factors do not constitute reasonable suspicion. *Id.*

Nothing in the record shows Appellant was engaged in suspicious or illegal activity and there was no reasonable suspicion; the caller reported activity, but not criminal activity. Officer further testified that he would need further articulable facts to determine if a crime was going to be committed. (III R.R. at 29). The Appellant did not drive erratically, he did not look into vehicles, he did not pull into residential driveways and leave – he simply drove by. (III R.R. at 27).

The First Court of Appeals further improperly applied the analysis in *Pipkin* to this matter despite clearly distinguishable facts involving clear criminal activity versus no report of any type of criminal activity. In *Pipkin,* the caller observed *per se* illegal activity in that Pipkin was obstructing traffic by driving too slowly and being bent over lighting a crack pipe to smoke cocaine. *Pipkin v. State,* 114 S.W.3d 649, 652 (Tex. App.—Fort Worth 2003, no pet.). In contrast here, no illegal activity was reported in this matter - simply a person driving down the street. This case is also fundamentally and factually distinguishable from the holdings in both *Pipkin* and *Taflinger v. State.* In *Taflinger*, there was a specific report of wrongdoing – a store clerk, well-known to the officer, observed an intoxicated person driving away from the store. *Taflinger v. State,* 414 S.W.3d 881, 884 (Tex.App.–Houston [1st Dist.] 2013, no pet.). The officer observed the driver driving immediately after the

8

report and believed in good faith that he observed the driver commit a traffic violation. *Id. at 886.* Here, in contrast, there was no report of intoxication, erratic driving, or other type wrongdoing – simply driving.

There was no illegal or suspicious activity committed by the Appellant reported by the 911 caller apart from the Appellant simply driving down the street three times over the period of 10 minutes. At trial, the arresting officer in this matter made conclusory statements that Appellant's actions were suspicious, but there were no specific articulable facts that reasonably support these claims, despite the officer having numerous opportunities to articulate such facts. Furthermore, there were no specific descriptions of the vehicle, driver, or license plate of the vehicle that would affirmatively link the vehicle Appellant was driving to the vehicle which was described by alleged caller.

## PRAYER FOR RELIEF

Appellant prays this Honorable Court grant this Petition for Discretionary Review. Following the grant of review, Appellant prays that the judgment of the Court of Appeals be reversed and a new trial ordered, or the case remanded for further review.

Respectfully submitted,
**LAW OFFICE OF DAN KRIEGER**
215 E. Galveston St.
League City, Texas 77573
(281) 332-7630 Tel.
(281) 332-7877 Fax

By: */s/ Dan Krieger*
    Dan Krieger
    State Bar No. 24064243
    dan@kriegerlawfirm.com
    Colm A. Keane
    State Bar No. 24085408
    colm@krieger-ongert.com
    Attorneys for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 2,570 words, and 24 pages, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1). This document complies with the typeface requirements of rule 9.4(e), as it is printed in a conventional 14-point typeface with footnotes in 12-point typeface.

*/s/ Dan Krieger*
Dan Krieger


## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing Appellant's Petition for Discretionary Review has been forwarded to the following persons, in accordance with the TEXAS RULES OF APPELLATE PROCEDURE, on the 23rd day of September, 2016:

Alan Curry
Harris County District Attorney's Office
1201 Franklin Street
Houston, Texas 77002

*/s/ Dan Krieger*
Dan Krieger

11

_____

**APPELLANT'S APPENDIX**
_____

**LIST OF DOCUMENTS**

1.  First Court of Appeals' Opinion of May 10, 2016 …………………TAB 1

A

Opinion issued May 10, 2016



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00512-CR

_____

**TAYLOR MARTIN KORB, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1980492**

## MEMORANDUM OPINION

A jury convicted appellant, Taylor Martin Korb, of driving while intoxicated,

and the court assessed his punishment at 180 days in jail, probated for twelve

TAB 1

B

months, and a $500 fine.[1]  In his only point of error, appellant contends the trial court erred in denying his motion to suppress, because there were no articulable facts to establish reasonable suspicion for the stop to take place.  We affirm the trial court's judgment.

## Background

On August 28, 2014, at 12:04 AM, Officer A. Galvan of the Pasadena Police Department received a dispatched call from a resident reporting that he had seen a light-colored small truck circling an area between Orchard Mountain Drive and Roaring Rapids streets that the resident thought was suspicious. The caller provided his contact information, name, and location, and said the truck had circled three times in the last ten minutes.

Galvan arrived in the area at 12:05 AM, less than a minute after the call, and the only vehicle he saw on the street was a tan-colored Chevrolet pickup making a turn at the intersection of Orchard Mountain and Roaring Rapids. Galvan initiated an investigative stop of the vehicle, which was the only vehicle on the street at the time and within 100 yards of the caller's location. During the stop, the officer observed that appellant had red, watery eyes and smelled of alcohol. Appellant

---

[1]    *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2015).

2

C

admitted to Galvan he had recently consumed alcohol. Appellant was later charged with driving while intoxicated.

At trial, appellant filed a motion to suppress any information arising from the traffic stop, alleging that the evidence did not justify the stop. At the hearing on the motion to suppress, Officer Galvan testified that he was a nineteen-year veteran of the Pasadena Police Department and was familiar with the area, having been assigned to it since January of that year. He testified he initiated the stop because, given his knowledge of the crime in the area, he suspected appellant's conduct indicated he was possibly "casing" homes to burglarize later. No other witnesses, including the caller, were presented at the hearing. At its conclusion, the trial court denied the motion to suppress, and appellant was later convicted of DWI after a jury trial.

## Standard of Review and Applicable Law

When reviewing a trial court's ruling on a motion to suppress, we apply an abuse of discretion standard, overturning that ruling only if it is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). A bifurcated standard of review is used, wherein we give almost total deference to a trial court's determination of historical facts, and review *de novo* only pure questions of law and factual questions that do not depend on credibility and demeanor. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The

3

**D**

reviewing court views the evidence in the light most favorable to the trial court's ruling. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). When no findings of facts are made by the trial court, the appellate court infers factual findings necessary to support the ruling as long as the inferred findings are supported by the record. *Hereford v. State*, 339 S.W.3d 111, 119 (Tex. Crim. App. 2011).

Law enforcement personnel may briefly detain and investigate a person when they have a reasonable suspicion the person is involved in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); *State v. Sheppard*, 271 S.W.3d 281, 287 (Tex. Crim. App. 2008). The reasonableness of a temporary detention is determined by the totality of the circumstances. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997). An officer must have reasonable suspicion based on specific, articulable facts which, when combined with rational inferences from those facts, lead to the conclusion that the particular person actually is, has been, or soon will be engaged in criminal activity. *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010). Reasonable suspicion may come from information given to officers by citizens, provided those facts are adequately verified by the officer. *Brother v. State*, 166 S.W.3d 255, 259 (Tex. Crim. App. 2005). "An inverse relationship exists between the reliability of the informant and the amount of corroborated information required to justify the police intrusion; the less reliable the tip, the more information is needed." *Martinez*, 348 S.W.3d at 923 (citing *Alabama v. White*, 496 U.S. 325,

4

E

330, 110 S. Ct. 2412, 2416 (1990)). When informants identify themselves, they make themselves potentially accountable for the intervention, and the degree of reliability and weight to be given to the information provided significantly increases. *Martinez*, 348 S.W.3d at 923.

**Analysis**

Appellant contends that Officer Galvan failed to identify specific articulable facts which would sufficiently establish reasonable suspicion to justify a stop of appellant in the first place. Appellant argues that there was no testimony indicating traffic violations or erratic driving, or other indicators that appellant was intoxicated at the time. The 911 caller did not provide a description of the driver, and the caller's description of the vehicle was vague, i.e., a light-colored small truck. Appellant asserts that the only reason he was stopped was because his truck was the only vehicle on the street when the officer responded.

Here, the caller provided his name, address, and telephone number, which made him potentially accountable for any possible intervention, and which gave additional reliability to the information. *See Pipkin v. State*, 114 S.W.3d 649, 655 (Tex. App.—Fort Worth 2003, no pet.). Officer Galvan arrived at the intersection described within a minute of the call, and saw appellant driving a tan-colored vehicle, within 100 yards of where the informant said he was located, that was close to the description given by the 911 caller. Galvan was familiar with the area and

5

**F**

knew that there had been occurrences of burglary and criminal mischief in the neighborhood. He testified that he made an investigatory stop of appellant because he was suspicious of his activity. Officer Galvan's testimony presented sufficient articulable facts that, combined with the totality of the circumstances, within his knowledge, gave rise to a reasonable suspicion that appellant could be engaging or about to engage in criminal activity. Galvan had the right at that point to make an investigative detention of appellant and confirm or dispel his suspicions about the situation.

The trial court did not make any findings of fact in denying the motion, so we infer those findings were made as long as they are supported by the record. *Hereford*, 339 S.W.3d at 119. The record demonstrates that the officer had knowledge of facts which, given the totality of the circumstances, raised a reasonable suspicion that appellant was engaging or about to engage in criminal acts, such that the officer was justified in making the investigatory stop. The trial court did not err in denying the motion to suppress.

After coming into contact with appellant, Officer Galvan observed that appellant showed some indicia of intoxication, including slurred speech, red watery eyes, and the odor of alcohol coming from his body. Appellant also told Galvan he had consumed alcohol recently. Officer Galvan suspected appellant of driving while intoxicated and arrested him for that crime.

6

**G**

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion in denying appellant's motion to suppress. *Martinez*, 348 S.W.3d at 922. We overrule appellant's sole point of error.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Bland, Brown, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

7

H